UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE SEALS,

      Plaintiff,

    v.

FEDERAL EXPRESS CORPORATION,
successor to FedEx Ground Package System, Inc.,

      Defendant.

Case No. 25-cv-1914-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Willie Seals's acceptance of the offer of judgment from defendant Federal Express Corporation, successor to FedEx Ground Package System, Inc., pursuant to Federal Rule of Civil Procedure 68 (Doc. 89).  Rule 68 directs that when such an acceptance is filed, "[t]he clerk must then enter judgment."  Fed. R. Civ. P. 68(a).

This command to enter judgment when the offer and notice of acceptance are filed is somewhat in tension with caselaw establishing that a party may not bargain away his rights to certain wage payment rates under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19.  This would defeat the statute's purpose of guaranteeing those wage rates.  *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945).

There is the same danger where parties settle claims; the end result may effectively circumvent the FLSA's requirements.  *Rodgers-Rouzier v. Am. Queen Steamboat Operating Co.*, 104 F.4th 978, 994 (7th Cir. 2024) ("No matter how voluntarily they purport to do so, parties may not generally waive the statutory wages the FLSA promises, whether directly or indirectly, such as by agreeing to settle a wage claim for less than the amount to which the worker is entitled.").  For this reason, FLSA cases can only be settled under the supervision of the

Secretary of the Department of Labor under 29 U.S.C. § 216(c) or by a stipulated judgment after a Court scrutinizes the proposed settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982), *cited with approval by Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *see Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 752 (7th Cir. 2022) (noting "any settlement of an FLSA claim requires a judicial imprimatur"). Presumably this rule applies to Rule 68 offers of judgment as well. *See Berger v. Perry's Steakhouse of Ill., LLC*, 430 F. Supp. 3d 397, 407 (N.D. Ill. 2019). In an abundance of caution, the Court examines the fairness of the parties' accepted offer of judgment.

In its review of the proposed resolution of an FLSA case, the Court examines (1) whether the proposed settlement brings resolution to a bona fide dispute as opposed to simply accomplishing a waiver of statutory rights, (2) whether the proposed settlement is a reasonable compromise of the issues in dispute, (3) whether the proposed settlement was obtained fairly and not by overreaching by the defendant, and (4) any other matter relevant to the fairness of the settlement. *See Lynn's Food*, 679 F.2d at 1354.

Based on its familiarity with the history of this case, the factual issues that remain for trial, and the strengths and weaknesses of each side's case, the Court finds the offer of judgment is fair. The accepted offer brings to a close a bona fide dispute that has lasted at least since 2020, when Seals joined this suit as a member of the collective action. The parties have vigorously and reasonably litigated the case as a collective or as an individual claim at least since then. Nevertheless, numerous factual issues remain for trial, including but not limited to the applicable statute of limitations and the shaky evidentiary support for the plaintiff's claim and the defendant's affirmative defense. Neither party would begin trial in a strong position.

Further, as the Court noted in its June 1, 2026, summary judgment order, the plaintiff's

potential lost wage damages are moderate, at best, and the $15,000 offer of judgment fully compensates him for those potential damages, although not for potential liquidated damages. The Court is further aware from a review of the record of the case even before it arrived in the Southern District of Illinois that plaintiff's counsel likely spent far more in attorney time than the $25,000 provided in the offer of judgment and was facing substantial additional fees for the upcoming motion hearing and trial.  For these reasons, the Court finds the offer of judgment is a reasonable compromise of the issues in dispute.  The Court further finds no evidence of overreaching by the defendant, either procedurally or substantively, in the offer of judgment.  No other factor weighs against finding the settlement fair and not an end-run around statutory wage guarantees.

For these reasons, if approval is necessary, the Court **APPROVES** the judgment to be entered under Rule 68 (Doc. 89).

**IT IS SO ORDERED.**
**DATED:  June 10, 2026**

_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**